956 F.2d 263
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Mary D. O'NEILL, Plaintiff-Appellant,
v.
Leo B. VAN HERPE, M.D.; Leo B. Van Herpe, M.D., P.C.,
Defendants-Appellees.
 No. 90-1710.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 29, 1991.
Decided Feb. 28, 1992.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. T.S. Ellis, III, District Judge. (CA-89-931-A)
 Argued: Robert Houston Hovis, III, Hovis & Associates, Annandale, Va., for appellant; Gary Albert Godard, Godard, West & Adelman, P.C., Fairfax, Va., for appellees.
 On Brief: Kenneth J. Barton, Jr., Godard, West & Adelman, P.C., Fairfax, Va., for appellees.
 E.D.Va.
 AFFIRMED.
 Before SPROUSE, Circuit Judge, POWELL, Associate Justice (Retired), United States Supreme Court, sitting by designation, and CHARLES H. HADEN, II, Chief United States District Judge for the Southern District of West Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Mary D. O'Neill appeals an adverse jury verdict in her medical malpractice action against Dr. Leo B. Van Herpe, M.D., medical malpractice action against Dr. Leo B. Van Herpe, M.D., and Leo B. Van Herpe, M.D., P.C. Appellant primarily challenges the district judge's charge to the jury. Finding no error, we affirm.
 
 
 2
 The appellant, a teacher, suffered an injury while jumping rope with her high school pupils at a retreat in Southern Maryland. She spent that evening lying on a cot and then on the floor due to back pain. The next day, O'Neill contacted Dr. Van Herpe's office for medical advice and possible treatment. Her symptoms were relayed through Dr. Van Herpe's medical secretary for discussion with Dr. Van Herpe. The immediate course of treatment recommended was that O'Neill lie flat on her back and take anti-inflammatory and pain medication.
 
 
 3
 After additional phone calls between the appellant and Dr. Van Herpe's office, appellant was scheduled for an appointment. Nine days following the injury, Dr. Van Herpe examined the appellant and admitted her to a hospital for evaluation. There it was discovered that O'Neill was suffering from a ruptured disc requiring surgery. Four days later Dr. John C. Bucar, a neurosurgeon, operated to repair the disc. The surgery, however, was unable to reverse a foot drop, a condition marked by an inability to raise or dorsaflex the foot at the ankle joint. Thus it developed that the foot drop was a permanent manifestation of the herniated disc.
 
 
 4
 The appellant instituted this malpractice action against both Dr. Van Herpe individually and his medical corporation. The alleged malpractice was Van Herpe's failure to schedule O'Neill for an office examination within a reasonable time after her injury. O'Neill alleged that the negligent delay resulted in the permanent foot drop of which she suffers. Conflicting evidence was presented at trial as to the standard of care required of Dr. Van Herpe when advised of the appellant's symptoms. The jury resolved this issue in favor of Dr. Van Herpe and his medical corporation.
 
 
 5
 During deliberations, the jury asked the following question of the court: "There are two defendants. Can we find for plaintiff against the professional corporation, but not against Dr. Van Herpe individually?" The parties could not agree upon the proper answer to this question and after hearing argument from counsel, the district judge answered the jury's question "No." Appellant argues that this answer was erroneous since Dr. Van Herpe's medical corporation may have been negligent through the acts of the medical secretary, although Dr. Van Herpe in his individual capacity was not negligent. Based upon the factual development of the case, we conclude that the district judge properly answered the jury's question in the negative.
 
 
 6
 The appellant brought and tried her case as a medical malpractice action. In her complaint, she alleged that
 
 
 7
 19. The Defendants were negligent in failing to exercise the degree of skill, care and diligence that would be exercised by a reasonably prudent orthopedic surgeon in Virginia during 1986 as hereinafter set forth.
 
 
 8
 20. Dr. Van Herpe was negligent when he failed to see and evaluate the Plaintiff in response to her telephone calls and repeated complaints.
 
 
 9
 In accordance with the complaint, the testimony adduced at trial primarily was expert testimony concerning the standard of care required of a reasonably prudent orthopedic surgeon when presented with appellant's symptoms. The appellant cannot, for the first time on appeal, attempt to reshape the issues of the case so as to assert vicarious liability of the corporation through the actions or omissions of its employees. The hindsight theory that Dr. Van Herpe's medical corporation might have been liable solely because the medical secretary was negligent either in inaccurately describing the appellant's symptoms to Dr. Van Herpe or in inaccurately relaying Dr. Van Herpe's instructions to the appellant, is simply not a conclusion supportable by the evidence presented at trial or the issues developed by the pleadings. No testimony was offered to establish the standard of care required of a medical corporation in responding when presented with a patient's complaints by telephone. Thus, the district court properly concluded that the jury could not find on this record for the plaintiff against the corporation and yet exonerate the physician of malpractice.
 
 
 10
 Appellant additionally argues that the district court erred by permitting Dr. Van Herpe to introduce inconsistent testimony surrounding the standard of care required of an orthopedic surgeon. Dr. Van Herpe testified that if a patient presents complaints of excruciating pain, incapacitation, and a lack of feeling in the leg or foot, a reasonably prudent orthopedic surgeon would see that patient in the office. Dr. Van Herpe's expert witness, Dr. Joel Schiffman, testified that if presented with these complaints, a prudent orthopedic surgeon would not necessarily require an office visit by the patient. Based upon this reputed testimonial conflict in the standard of care, appellant argues that Dr. Van Herpe and his medical corporation asserted inconsistent factual positions in violation of the rule of Massey v. Firmstone, 134 Va. 450, 114 S.E. 652 (1922). We disagree.
 
 
 11
 Under Virginia law, a party is precluded from taking inconsistent factual positions under certain circumstances. This rule does not govern the admission of opinion testimony. Hogan v. Carter and Grinstead, 226 Va. 361, 310 S.E.2d 666 (1983); Travis and Ludwig v. Bulifant, 226 Va. 1, 306 S.E.2d 865 (1983); Ford Motor Co. v. Bartholomew, 224 Va. 421, 297 S.E.2d 675 (1982). The trial testimony regarding the standard of care required was presented in the form of opinion testimony. Since no inconsistent factual positions were asserted by the appellee, the district court did not commit error in permitting conflicting opinions of the standard of care required of an orthopod.
 
 
 12
 The final error assigned is that the district court failed to instruct the jury on the "loss of a chance."* We conclude the district court properly considered the appellant's argument on "loss of a chance" as being an issue of causation. In doing so the district court refused an instruction in the following language:
 
 
 13
 If ... O'Neill had any substantial possibility of avoiding permanent foot drop and if the defendant's negligence effectively eliminated that possibility, then the defendant's conduct is a proximate cause of her injury. In place of the rejected request for charge the court gave the following instruction:
 
 
 14
 If you find from a preponderance of the evidence that the defendants were negligent and that this negligence was the proximate cause of the plaintiff's failure to recover partially or fully from her foot drop, then you must find your verdict for the plaintiff.
 
 
 15
 We find no error in the district judge's instruction on causation and we believe it fairly covered the "loss of a chance to recover" as this case was presented to the jury.
 
 
 16
 For the foregoing reasons, the judgment of the district court is
 
 
 17
 AFFIRMED.
 
 
 
 *
 Loss of chance is a Virginia malpractice doctrine which can be summarized as follows: When a physician's negligence has effectively terminated a patient's chance of recovery, the physician will not be permitted to raise conjectures as to the measure of chances for recovery he has put beyond realization. In other words, to recover it is not required that plaintiff demonstrate to an absolute certainty what would have happened in circumstances that the wrongdoer did not allow to come to pass. Hicks v. United States, 368 F.2d 626 (4th Cir.1966); compare Clark v. United States, 402 F.2d 950 (4th Cir.1968)